# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

CHRISTOPHER LEE LINN,
    Petitioner,

v.                                          CRIMINAL ACTION No. 3:16-CR-4
                                                    (GROH)

UNITED STATES OF AMERICA,
    Respondent.

## AMENDED REPORT AND RECOMMENDATION

### I.    Introduction

On March 25, 2017, the *pro se* petitioner filed a Motion[1] Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 43. On July 6, 2017, the Government filed an answer. ECF No. 50. On July 19, 2017, Petitioner filed his Response to the Government's answer. ECF No. 51. On October 30, 2017, Petitioner filed a "Petition for Relief" which raised issues related to the Bureau of Prisons' calculation of his criminal history, however, pursuant to 28 U.S.C. § 2241, that pleading was later refiled by the Clerk as a separate case, 5:17-CV-172. ECF No. 58. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure 2.

### II.    FACTUAL AND PROCEDURAL HISTORY

On January 20, 2016, Petitioner was charged in a four count indictment in the

---

[1] The motion was initially filed as a petition in civil action number 3:17-CV-29, but all docketing thereafter was entered under the instant original criminal action number, 3:16-CR-4.

United States District Court for the Northern District of West Virginia. ECF No. 1. On May 3, 2016, pursuant to a plea agreement Petitioner entered a plea of guilty to two counts of the indictment: Count 1 which charged Petitioner with making a false statement in the acquisition of a firearm; and Count 2 which charged Petitioner with aggravated identity theft. ECF Nos. 26, 27, 1. On August 30, 2016, the Pre-Sentence Investigation Report was filed with the Court. ECF No. 35. On that same date Petitioner was sentenced to a term of 34 months of incarceration for his plea to Count 1, and to 24 months of incarceration for his plea to Count 2, with those sentences to run consecutively to one another, for an aggregate term of 58 months. ECF No. 36 at 2.

In his March 24, 2017 Motion to Vacate under 28 U.S.C. § 2255, Petitioner raises three grounds for relief: (1) that his criminal history points and criminal history category were improperly calculated, because some of his prior criminal history was "for charges from the same common set of events"; (2) that he received ineffective assistance of counsel who did not file a motion for a downward departure from the United States Sentencing Guidelines ("the Guidelines"), but instead "verbally ask[ed] the court for leniency"; and (3) that he received ineffective assistance of counsel when counsel did not file an appeal "on the grounds of ineffective assistance of counsel" consistent with Petitioner's directive sent via letter. ECF No. 43 at 5, 6, 8. Petitioner requested that the Court vacate his sentence, set a hearing for re-sentencing, and appoint counsel to represent him. Id. at 13. On July 6, 2017, the Respondent filed its Answer which denied the allegations in the Petition. ECF No. 50.

### III. STANDARD OF REVIEW

**A.    Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.

**B.  Pro Se Litigants.**

Because Petitioner is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon,

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On

> baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

### C. Motions made Pursuant to 28 U.S.C. § 2255.

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence imposed in a separate proceeding. To succeed on such a motion, the movant must prove one of the following, that: (1) the conviction or sentence was imposed in violation of the laws or Constitution of the United States; (2) the court in imposing sentence lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The United States Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Petitioners are limited in the issues which may be addressed in cases brought pursuant to § 2255. Petitioners who fail to raise issues on direct appeal or who raise issues on direct appeal which are decided there, are both precluded from addressing those same issues in § 2255 proceedings. "Nonconstitutional claims that **could** have been raised on direct appeal, but were not, may not be asserted in

---

review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

collateral proceedings." Stone v. Powell, 428 U.S. 465, 477, n.10, (1976) (emphasis in original) (citing Sunal v. Large, 332 U.S. 174, 178-79 (1947)); *see also* United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009) (A petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that **could have** been raised on appeal.") (Quoting Brian R. Means Fed. Habeas Practitioner Guide, Jurisdiction ¶ 1.23.0) (2006-2007) (emphasis in original) (internal citations omitted). Similarly, the Supreme Court has long held that the general rule that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003).

The Fourth Circuit has also held that when a petitioner raises issues which have been previously appealed and decided, that petitioner "will not be allowed to recast, under the guise of collateral attack, questions fully considered" in earlier decisions. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976), citing Herman v. United States, 4th Cir., 227 F.2d 332 (1955); Accord United States v. Harrison, No. 96-7579, 1997 WL 499671, at *1 (4th Cir. August 25, 1997) (unpublished).

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984); Bousley v. United States, 523 U.S. 614, 621 (1998). "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the

5

court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 49.0, 492-93 (4th Cir. 1999).

A constitutional error that could have been, but was not raised on appeal, may not be raised for the first time in a § 2255 motion, unless it passes a two part-test which requires the movant to show either (1) "cause" that excuses the failure to raise the error on appeal and "actual prejudice" resulting from the error, or (2) that a miscarriage of justice would occur if the court refuses to entertain a collateral attack. (citing Bousley, 523 U.S. at 621-22); Frady, 456 U.S. at 167-68.

The Supreme Court has recognized that it has not strictly defined "cause" because of "the broad range of potential reasons for an attorney's failure to comply with a procedural rule, and the virtually limitless array of contexts in which a procedural default can occur." Reed v. Ross, 468 U.S. 1, 13, (1984) (Citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977). The Supreme Court explained that, "[u]nderlying the concept of cause, however, is at least the dual notion that, absent exceptional circumstances, a defendant is bound by the tactical decisions of competent counsel." Id. (Citing Wainwright v. Sykes, supra, at 91, and n. 14; Henry v. Mississippi, 379 U.S. 443, 451 (1965)). To establish "actual prejudice," contemplated in the first prong, the movant must show that the alleged error resulted in an "actual and substantial disadvantage," rather than a mere possibility of prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1977) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

To demonstrate a miscarriage of justice, contemplated in the second prong, the movant must prove "actual innocence" of the crime for which he was convicted, substantiating that "it is more likely than not, in light of all the evidence, that no

reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)).

## IV. ANALYSIS

This Court has reviewed Petitioner's motion to vacate, the Government's response and Petitioner's reply and determined that the moving party is not entitled to relief. Although this Court has liberally read the *pro se* allegations, Petitioner has failed to state a claim upon which relief can be granted. In his first claim, Petitioner argues that he was improperly sentenced because his criminal history was improperly calculated. In his second and third claims, Petitioner argues that he received ineffective assistance of counsel because: (1) a written motion for downward departure was not filed on his behalf; and (2) an appeal on the grounds of ineffective assistance of counsel was never filed. All three of Petitioner's claims fail because Petitioner knowingly and voluntarily waived his right to appeal or collaterally attack his sentence.

### A. Petitioner's First Claim for Relief

Petitioner's first claim for relief regarding imposition of his sentence fails to state a claim upon which relief can be granted because Petitioner waived his right to challenge the calculation of his sentence. A challenge to the imposition of sentence may properly be brought in a direct appeal, however, in his plea agreement Petitioner waived his right to appeal his conviction and accordingly did not file such an appeal. ECF No. 26 at 4, ¶ 11. The relevant paragraph of the plea agreement provides in part:

> In exchange for the concessions made by the United States in this plea agreement, the defendant waives his right to appeal [ ] any order, the conviction and the sentence or the manner in which that sentence was determined on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742 [or] to challenge the conviction or the

7

> sentence or the manner in which it was determined in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255.

Id.

In United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994) (quoting United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991)), the Fourth Circuit held that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is 'the result of a knowing and intelligent decision to forgo the right to appeal.'" The Fourth Circuit further wrote that whether a waiver is knowing and intelligent, "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). However, the Fourth Circuit found that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review on certain limited grounds. Id. at 732.

The Court recognized that a defendant, "could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. quoting U.S. v. Marin, 961 F.2d 493 (4th Cir. 1992). Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations." Id.

The Fourth Circuit has also found there is, "no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." United States v. Lemaster, 403 F.3d 216, n. 2 (4th Cir. 2012). Therefore, a waiver of the right to collaterally attack a sentence is valid as long as the waiver is knowing and voluntary. Id. When reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, a court must first determine whether there is valid waiver which:

> [D]epends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy—specifically, whether the district court questioned the defendant about the appeal waiver—the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations omitted).[3] Thus, if a reviewing court finds that the waiver of rights was valid, any collateral attack including an ineffective assistance of counsel claim related to the plea agreement, is barred by the waiver, provided that a plaintiff may still pursue a collateral attack or appeal related to imposition of an illegal sentence or plea proceedings conducted in violation of the Constitution.

Paragraph 11 of Petitioner's plea agreement contained a specific waiver of his appellate rights, "including any proceeding under Title 28, United States Code, Section

---

[3] The unpublished decision United States v. Morris, No. 07-4223, slip op. (4th Cir. Sept. 13, 2007) suggests that when a court conducted a thorough Rule 11 colloquy and the defendant specifically mentioned he waived the right to appeal any sentence below the statutory maximum, the record thereby established that defendant made a knowing and voluntary waiver of rights.

2255." ECF No. 26 at 4. Examination of the totality of the circumstances in Petitioner's case, as mandated by Blick, includes consideration of the waiver provision in Petitioner's plea agreement, the plea agreement as a whole, the plea colloquy and Petitioner's ability to understand those proceedings. Upon review, the undersigned finds that Petitioner validly waived his right to appeal. At the time of his plea and sentencing, Petitioner was 29 years old, had a high school education, and could read, write and understand the English language. ECF No. 53 at 4:25 – 5:7. Further, Petitioner was familiar with the courts, having previously been convicted of the felony offense of "Felony Theft-Scheme $500 Plus" in the Circuit Court of Allegany County, Maryland, on May 10, 2009, in case number 08-1002-16923-1. ECF No. 35 at 5. Moreover, in the instant case, Petitioner twice waived his appellate rights, first, when he signed a written waiver of his right to appeal the plea agreement, or any pre-trial or post-conviction rulings of the court related thereto, and second, when he verbally waived his rights upon the record during the plea colloquy with the Court. ECF Nos. 26 at 4, 53 at 11:24 – 12:2.

During the plea colloquy, upon questioning from the Court, Petitioner indicated that he understood what the plea agreement did, and that he had no questions about the document. ECF No. 53 at 13:19 – 14:2. Further, Petitioner acknowledged that he signed each of the six pages of the written agreement, and that he had discussed each paragraph with his counsel prior to signing the agreement. Id. at 14:3 – 16. Petitioner then agreed that the written plea agreement represented the entirety of his agreement with the Government. Id. at 16:3 – 6. Petitioner next acknowledged he understood his Constitutional rights, including the right to appeal, and acknowledged that he

understood that by the terms of the plea agreement he was either limited or completely prohibited from appealing his conviction and sentence. Id. at 30:22 – 31:19. Upon questioning from the Court, Petitioner conceded that his guilty plea was lawful and voluntary and that there were no fundamental defects in the proceedings. Id. at 31:20 – 24. Petitioner further confirmed that he understood that although he had the right to challenge his conviction through a post-conviction habeas corpus proceeding, he was waiving that right as a term of the plea agreement. Id. at 31:25 – 32:13. Petitioner confirmed that he understood he had only two legal remedies to attack his conviction in a habeas corpus proceeding, by claiming either: (1) ineffective assistance of counsel; or (2) prosecutorial misconduct. Id. at 32:14 – 18. Petitioner further conceded that he knew of no circumstance of either ineffective assistance of counsel or prosecutorial misconduct. Id. at 32:19 – 22. Petitioner then confirmed that he had discussed with counsel his legal rights, the consequences of a waiver of those rights, and that he wished to proceed with the plea and waive his rights. Id. at 32:23 – 33:3. Petitioner's counsel advised the court that he believed Petitioner fully understood the importance of the rights he was waiving and the consequences of his guilty plea. Id. at 33:4 – 7; 36:9 - 12.

During the plea hearing, the Government presented the testimony of ATF Special Agent Keith Martin to establish a factual basis for the plea. ECF No. 53 at 21:1 – 24:18. Petitioner did not contest the factual basis of the plea. After the Government presented the factual basis of the plea, Petitioner entered his plea of guilty to Counts 1 and 2 of the indictment. Id. at 38:8 – 15. Petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free

will. Id. at 36:19 - 25. In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. Id. at 37:5 – 12. Petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. Id. at 7:15 – 8:2. Following the lengthy plea colloquy, the Court found that Petitioner "understand[s] the constitutional and other legal rights [he is] giving up by pleading guilty," and that Petitioner's plea was voluntary. Id. 36:13 – 15; 38:2 – 3; 38:23 – 39:1.

On August 29, 2016, Petitioner appeared before the District Court for sentencing. ECF No. 54. After considering several factors, including the circumstances of both the crime and the defendant and the sentencing objectives of punishment, the Court sentenced Petitioner to a term of 58 months imprisonment, consisting of a term of 34 months for Count 1, and a term of 24 months for Count 2, to be served consecutively to one another. Id. at 22:14 – 20. At sentencing, the District Court further advised Petitioner about the consequences of waiving his appellate rights, and what rights he retained despite the waiver:

> Mr. Linn, although a defendant who has pled guilty has the right to appeal from the judgment of this Court, a defendant who has pled guilty may waive that right as part of a plea agreement.
> You entered into a plea agreement which waived in whole or in part your right to appeal your sentence. Those types of waivers are generally enforceable, and it appears as though it is enforceable in your case.
> However, if you believe the waiver in your plea agreement is unenforceable for some reason, or you believe your guilty plea was somehow unlawful or involuntary, or you believe there's some other defect in these proceedings you didn't waive by your plea of guilty, then you can present that theory to the appellate court.

> However, if you decide to appeal, you must file a notice of appeal with the clerk of this Court within 14 days following entry of the judgment and commitment order.

ECF No. 54 at 27:25 – 28:16.

In consideration of the totality of the circumstances presented, the undersigned finds that Petitioner knowingly, intelligently and validly waived his appellate rights, including the right to challenge his conviction in a collateral attack such as the instant petition filed under 28 U.S.C. § 2255. Further, the undersigned finds that under the holding of Mabry v. Johnson, supra, and Bousley v. United States, supra, Petitioner is prohibited from collaterally attacking his conviction and sentence, having validly waived his appellate rights and right to collaterally attack his conviction and sentence. Petitioner was advised by competent counsel, and voluntarily and intelligently entered his guilty plea.

Petitioner has made no showing that a miscarriage of justice would result from the refusal of the Court to entertain his collateral attack. Bousley, supra, holds that to demonstrate a miscarriage of justice Petitioner must prove his actual innocence of the crime, and that, "it is more likely than not [ ] that no reasonable juror would have convicted [him]." 523 U.S. at 623. During the plea colloquy the Petitioner conceded that the evidence presented by the Government was substantially correct and accurately reflected his involvement in the criminal activity. ECF No. 53 at 25: 8 – 14. Additionally, in his plea hearing Petitioner admitted that the facts were "exactly as the government outlined. I used an identification that was not my own to purchase a firearm from a FFL dealer knowing that I had a previous felony." Id. at 25:20 – 23. Because Petitioner is unable to demonstrate his actual innocence or that no reasonable juror

would have convicted him, Bousley holds that he is not entitled to relief under 28 U.S.C. § 2255. Accordingly, Petitioner's first claim for relief is without merit and should be denied.

### B. Petitioner's Second Claim for Relief

Petitioner's second claim for relief, regarding his counsel's decision to verbally request a downward departure from the Guidelines rather than file a written motion for such a downward departure, fails to state a claim upon which relief can be granted because Petitioner waived his right to challenge or collaterally attack his sentence including any proceeding under 28 U.S.C. § 2255, the statute Petitioner invokes herein.

Petitioner conceded during his guilty plea that he knew of no evidence of ineffective assistance of counsel or of prosecutorial misconduct. ECF No. 53 at 12:2 – 8. Pursuant to Mabry, supra, Petitioner is prohibited from collaterally attacking his voluntary and intelligent guilty plea, including for alleged ineffective assistance of counsel at that guilty plea. In Lemaster, supra, the Fourth Circuit affirmed the decision of the District Court which found Lemaster knowingly and voluntarily waived his right to contest his conviction and sentence. Further, the Fourth Circuit found no reason to disturb the lower court's decision, based on Lemaster's knowing and voluntary waiver of his right to challenge his conviction and sentence, including through 28 U.S.C. § 2255, which declined to address on the merits Lemaster's claim of ineffective assistance of counsel after counsel did not request a downward departure based on diminished capacity or based on Lemaster's deteriorating medical condition. 403 F.3d. at 219, n. 1. By contrast, Petitioner here claims that the *manner* in which his counsel requested a downward departure constituted ineffective assistance of counsel. Counsel verbally

requested a downward departure at sentencing, consistent with the wishes of Petitioner. ECF No. 54 at 6:14 – 13:23.  Moreover, at sentencing, Petitioner acknowledged that his counsel "explained the situation adequately."  Id. at 13:5 – 6.  Lemaster instructs that where a petitioner knowingly and voluntarily waives his right to contest his conviction including through § 2255, a court need not address on the merits any claim of ineffective assistance of counsel for failure to request any downward departure at sentencing, much less a failure to employ the method requested by Petitioner.

Petitioner knowingly and voluntarily waived his appellate rights, and thus he waived his ability to contest counsel's failure to file a written request for a downward departure. Accordingly, Petitioner's second claim for relief is without merit and should be denied.

### C.   Petitioner's Third Claim for Relief

Petitioner's third claim for relief, regarding his counsel's failure to file an appeal "on the grounds of ineffective assistance of counsel", requires an evidentiary hearing to determine the facts related to such a request.  Petitioner asserts that he directed his counsel by letter to file a direct appeal alleging that he received ineffective assistance of counsel related to his plea and sentencing.  ECF No. 43 at 8.  Petitioner fails to demonstrate that any such request occurred, and the record is devoid of any instruction by Petitioner to his counsel regarding such an appeal.  The Government's answer asserts that "the United States does not have sufficient information to admit or deny this allegation" and demands strict proof thereof.  ECF No. 50 at 2.

"[I]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record

conclusively shows ineffective assistance." United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). However, the Fourth Circuit has clearly ruled that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). In rendering this decision, the Court opined:

> Persons convicted in federal district courts have a right to a direct appeal. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct.917, 8 L.E.2d 21 (1962). In addition, the Sixth Amendment right to counsel extends to the direct appeal, *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 917, 8 L.Ed.2d 811 (1963), and it obligates the attorney to file the appeal and identify possible issues for the court even if, in the attorney's opinion, those issues are not meritorious. *Anders v. California*, 386 U.S.738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Id. at 41.

The Supreme Court has ruled that, "[i]f counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). Consistent with Flores-Ortega, the Fourth Circuit maintains that counsel must file an appeal if instructed to, even if appealing would seem contradictory to client's best interest:

> [A]n attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests. In this case, although there is a real possibility that [defendant] will face a higher sentence or

16

> even charges related to the [ ] incident if he decides to appeal, his right to appeal cannot be thwarted by attorney error.

United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007).

As held in Poindexter, an evidentiary hearing is required in such cases to determine whether the petitioner unequivocally instructed his attorney to file a notice of appeal or, if his attorney was not so instructed, the court will determine if petitioner met his burden of showing that: (1) his attorney had a duty to consult under Roe v. Flores-Ortega; (2) his attorney failed to fulfill his consultation obligations; and (3) he was prejudiced by his attorney's failure to fulfill these obligations. 492 F.3d at 273.

Accordingly, because the petitioner's motion(s) and the Government's response do not conclusively establish that petitioner is entitled to no relief, I find that an evidentiary hearing is necessary to determine whether petitioner requested that his attorney file an appeal and whether counsel ignored or refused such instructions. See 28 U.S.C. § 2255(b) (providing in pertinent part that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.").

Accordingly, it is **ORDERED** that an evidentiary hearing, **solely on the issue of whether petitioner instructed his counsel to file an appeal** shall be held on **Tuesday, January 16, 2018 at 1:30 p.m.** The Government shall arrange a conference call for Petitioner to appear telephonically for this hearing. Eric S. Black, having already

been named to represent Petitioner [ECF No. 59], is appointed counsel to represent the Defendant **in this evidentiary hearing only**.

## V. RECOMMENDATION

For the reasons set forth herein, it is recommended that the Petitioner's first and second claims contained in his motion to vacate filed pursuant to 28 U.S.C. § 2255 [ECF No. 43] be **DENIED** and the petition be **DISMISSED as to Ground 1 and Ground 2.**

It is further recommended that **an evidentiary hearing be held on Tuesday, January 16, 2018 at 1:30 p.m.**, before the undersigned **solely on the issue of whether petitioner instructed his counsel to file an appeal**, the issue raised in Ground 3 of the Petition.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985); Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir 1997).

The Clerk of the Court is directed to send a copy of this Order to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

Dated: December 12, 2017

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE